UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Lee Buess,                                   Case No. 3:14-cv-0826

      Plaintiff

v.

                                                           ORDER

Internal Revenue Service, et al.,

      Defendants

      Pro se Plaintiff David Lee Buess filed this action on behalf of the People of the State of Ohio against the Internal Revenue Service, the Department of Treasury, United States President Barack Obama, Hancock Federal Credit Union, the United States Congress, Treasury Inspector General J. Russell George, the United States Postal Service, the Universal Postal Union, the United Nations, the Federal Reserve Board of Governors, Hancock County Sheriff Mike Heldman, and Hancock County Clerk of Court Cathy Prosser Wilcox.  Plaintiff attempts to bring criminal charges against the "Respondents and Co-conspirators."

      The document submitted as a pleading in this case is composed entirely of rhetoric. Specifically, the Plaintiff lists twelve "frauds" he believes the United States government is committing, including taking money "under the counterfeited name of [SIR DAVID-LEE DBA]," assigning a zip code for mail for military purposes, enslaving its citizens to the Federal Reserve to pay a bond created for them, listing his name in all capital letters which he contends represents a straw man, a trade name or a corporate entity; and collecting income taxes which he asserts is unconstitutional.  He further states secret societies have infiltrated all three branches of government

and require their members to uphold the secret society's oath over all other oaths of office. The other listed "frauds" are unintelligible statements concerning the Bankruptcy Act, a new world order, the Uniform Commercial Code, the Internal Revenue Code and private banks. Plaintiff indicates neither Congress nor the Department of Justice would grant him copyright permission to cite the precise statutes under which relief may be granted, so "it shall be up to the DOJ to fill in all criminal charges by law and statute to avoid any statement such as I failed to state a claim upon which relief can granted." (Doc. No. 1 at 8).

In addition, Plaintiff did not pay the filing fee of $400 nor did he file an Application to Proceed *In Forma Pauperis*. Instead, he filed an untitled document in which he states, "the *in forma pauperis* forms have no basis in law [and] all costs relating to all cases filed shall be paid from the One Peoples Trust Account formerly known as CESTA QUE VIE TRUST." (ECF No. 3 at 4).

Plaintiff is no stranger to this District Court and is well aware of the filing fee requirements. In addition to this case, he filed seven other actions from May 2013 to the present date, all of which named federal agencies, the United States President, the United States Congress, the Ohio Governor, and various Hancock County officials as Defendants. The Judges of this District have informed Plaintiff on three prior occasions that filing fees could not be taken from a "Cesta Que Vie Trust" nor would they be paid by the Defendants. *See Buess v. Obama*, No. 3:13 CV 2209 (N.D. Ohio filed Oct. 7, 2013); *Buess v. Obama*, No. 3:13 CV 1228 (N.D. Ohio filed June 4, 2013); *Buess v. Piscitelli*, No. 3:13 CV 1137 (N.D. Ohio filed May 21, 2013). In his earlier cases, Plaintiff filed Applications to Proceed *In Forma Pauperis* and was granted pauper status. *See Buess v. Kasick*, No. 3:13 CV 2576 (N.D. Ohio filed Nov. 20, 2013); *Buess v. Congress of the United States*, No. 3:13 CV 2461 (N.D. Ohio filed Nov. 5, 2013). Later, he has refused to pay the filing fee or file an Application to Proceed *In Forma Pauperis* claiming he has no income because under prevailing tax law income is derived only from the gain from the sale of capital assets. *Buess v. Obama*, No. 3:13 CV 2209 (N.D. Ohio filed Oct. 7, 2013) (refused to pay fee or file *In Forma Pauperis* documents and returned the Court's Order

to Correct the Deficiency with the notation that he was denying the Court's contract offer). The District Judge rejected this argument and dismissed the case for failure to prosecute.

Despite prior orders rejecting these arguments, Plaintiff once again submitted a pleading without the filing fee or an Application to Proceed *In Forma Pauperis* claiming, "the *in forma pauperis* forms have no basis in law" and directing the Court to get the fee "from the One Peoples Trust Account formerly known as CESTA QUE VIE TRUST." (ECF No. 3 at 4). As Plaintiff has been told on three prior occasions that filing fees cannot be paid from a fictitious trust or by the Defendants, and because Plaintiff has submitted proper Applications to Proceed *In Forma Pauperis* in other cases, it is apparent that he understands the filing fee procedures and has chosen not to comply with them.

Moreover, all of Plaintiff's prior cases have been dismissed for failure to state a claim. Like the pleading in the present case, those pleadings were composed entirely of incoherent rhetoric espousing Plaintiff's belief that the Internal Revenue Service has no authority to collect income taxes, that the United States is a corporation owned by Great Britain, secret societies control the government and that flags with gold fringe are improper and indicative of military tribunals. His pleadings do not contain factual allegations, do not raise any real causes of action, and profess to institute criminal charges against government agencies and officials. He issues his own "true bill[s]," invoices, and, in Case No. 3:13 CV 2576, an arrest warrant. Plaintiff continues to file the same documents even after the case is closed, announcing in his post-judgment documents that the Court's orders are void because he refuses "the contract." Plaintiff's attempt in this case to place the onus on the government to fill in causes of action for his pleading to avoid dismissal for failure to state a claim suggests he did not file this action in good faith with the expectation that it would proceed through the stages of litigation.

It is apparent that Plaintiff's repetitive pleadings are not submitted in an attempt to gain real relief from the named Defendants for an actual injury or controversy. At best, they can be

3

construed as an attempt to use the Court's docket as a public platform to publish his political or social opinions. Construed less generously, it could be argued they are filed for the purpose of harassing the Court and the Defendants. Neither of these are acceptable uses of the Court's time and resources.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, I have determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner. As an initial matter, Plaintiff did not pay the filing fee and further declined to submit the proper forms to request pauper status. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342–43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV–663–R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam);

4

*Levy v. Macy's, Inc.*, No. 1:13–cv–148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV–770–H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV–663–R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09–cv–1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). Plaintiff has abused that privilege and may not proceed with this action unless he pays the entire filing fee.

Furthermore, Plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may impose sanctions including a permanent injunction prohibiting him from proceeding *in forma pauperis* in the future and requiring him to pay the entire filing fee for every new action at its initiation. The Court may also enjoin him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute. If Plaintiff wishes to proceed with this action, he must pay the entire filing fee of $400.00 within thirty days, and must file a Motion to Re-Open Case. The Motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid, and a Motion to Re-Open has been granted.

So Ordered.

                                                          s/Jeffrey J. Helmick
                                                          United States District Judge